**STARLIGHT SUGAR, INC., et al., Plaintiffs–Appellees,**

v.

**Neftali SOTO, Individually and as Secretary of the Department of Agriculture of the Commonwealth of Puerto Rico, Defendant–Appellant.**

No. 96–1332.

United States Court of Appeals, First Circuit.

Heard March 4, 1997.

Decided May 30, 1997.

Edgardo Rodríguez–Quilichini, Assistant Solicitor General, Department of Justice, with whom Carlos Lugo–Fiol, Solicitor General, and Edda Serrano–Blasini, Deputy Solicitor General, were on brief for appellant.

Marcos A. Ramírez–Lavandero, with whom Eduardo A. VeraRamírez, Janice M. Gutiérrez–Lacourt and Marcos A. Ramírez–Lavandero & Associates were on brief for appellees.

Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and STAHL, Circuit Judge.

TORRUELLA, Chief Judge.

The Department of Agriculture of the Commonwealth of Puerto Rico urges us to vacate a preliminary injunction issued on December 21, 1995 that bars the enforcement of Section Six of its Market Regulation 13.[1] Section Six prohibits the importation into Puerto Rico of refined sugar intended for consumer sale that is not prepackaged in units of five pounds or less. The district court held that the regulation violated the Commerce Clause in its "dormant" state and the Equal Protection Clause and also found that the plaintiff sugar importers had met all of the grounds for preliminary injunctive relief.

■ Under our four-part test for determining whether the grant or denial of preliminary injunctive relief is appropriate, the district court must consider:

(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest. *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir.1996). On appeal, the standard of review is deferential, and we have said that "unless the appellant can show that the lower court misapprehended the law or committed a palpable abuse of discretion, the court of appeals will not intervene." *Id.* at 16.

Upon careful consideration of the briefs, arguments of counsel, and the record in this case, we find no abuse of discretion and no error of law, and therefore *affirm* in light of the sound reasons provided in the district court's thorough opinion. *See Starlight Sugar, Inc. v. Soto,* 909 F.Supp. 853 (D.P.R. 1995).

■ We only note the following. With respect to the likelihood of success on the merits, Commerce Clause caselaw strongly supports the position of the plaintiff sugar importers. The Department of Agriculture asks that the dormant Commerce Clause balancing test put forward in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970), be applied to Section Six, and it seems to acknowledge that for *Pike* to apply, it must characterize Section Six as an evenhanded regulation that imposes only an incidental burden on interstate commerce. Section Six is plainly not such a creature. As the district court properly found, where a state law or regulation, such as Section Six, facially discriminates against interstate commerce, and has as its very purpose the protection of local economic interests, it must withstand the most stringent form of scrutiny under the Commerce Clause. *See, e.g., West Lynn Creamery v. Healy,* 512 U.S. 186, 192–97, 114 S.Ct. 2205, 2211–13, 129 L.Ed.2d 157 (1994). Under such strict scrutiny, facially discriminatory regulations are presumptively invalid and are "routinely struck down," unless it can be shown that they serve a legitimate local interest "unrelated to economic protectionism"—an interest, furthermore, that cannot

---

1. Section VI of Regulation 13 of the Puerto Rico Department of Agriculture provides in pertinent part:

   A. Refined sugar to be imported in Puerto Rico shall come in consumer size packages inside the corresponding shipping containers. For the purposes of this Regulation a consumer size package is one whose net content does not exceed five (5) pounds.

   B.... Imported refined sugar for industrial use shall not be repacked in consumer-size packages for direct sales to the consumers.

be served through non-discriminatory means. *New Energy Co. v. Limbach,* 486 U.S. 269, 274, 108 S.Ct. 1803, 1808, 100 L.Ed.2d 302 (1988); *see also Maine v. Taylor,* 477 U.S. 131, 138, 106 S.Ct. 2440, 2447, 91 L.Ed.2d 110 (1986) (upholding facially discriminatory import restriction as necessary to protect in-state wildlife). Here, appellants can only justify their restriction of bulk sugar importation and subsequent packaging for consumer sale by listing the various local benefits attendant to economic protectionism itself.[2] "[W]here simple economic protectionism is effected by state legislation, a virtually *per se* rule of invalidity has been erected." *City of Philadelphia v. New Jersey,* 437 U.S. 617, 624, 98 S.Ct. 2531, 2535, 57 L.Ed.2d 475 (1978).

The district court also did not abuse its discretion in finding the potential for irreparable harm. *See* 909 F.Supp. at 861–62. The district court found that irreparable harm was threatened by the inability of the plaintiff sugar importers to take advantage of an impending shortage of sugar supply in Puerto Rico. The Department of Agriculture argues that a potential harm cannot be deemed "irreparable" if it is of a kind that can be later compensated through money damages. While it is true that injunctive relief is generally inappropriate where money damages can make a plaintiff whole, we have recognized that the loss of a unique or fleeting business opportunity can constitute irreparable injury. *See Hyde Park Partners v. Connolly,* 839 F.2d 837, 853 (1st Cir.1988) (injunction may be appropriate where timing, in tender offer context, is crucial); *see also Baccarat,* 102 F.3d at 18–19 ("[A] plaintiff need not demonstrate that the denial of injunctive relief will be fatal to its business.... If [it] suffers a substantial injury *that is not accurately measurable* or adequately compensable by money damages, irreparable harm is a natural sequel.") (citations omitted) (emphasis added). The concern in the present situation is clear: although we remain in the domain of economic profit or loss, a context in which compensation through legal remedies is preferred, as a practical matter the potential value of an evanescent business opportunity may be extremely difficult to measure, after the fact. The district court did not abuse its discretion, therefore, in finding that plaintiffs were threatened with irreparable harm through the ongoing enforcement of Section Six.

*Affirmed.*

2. Appellants concede that Section Six has provided a competitive advantage to the Puerto Rico sugar corporation, which owns the only existing refinery in Puerto Rico. In support of Section Six, appellants cite such local interests as the protection of jobs in the Puerto Rico sugar industry, the preservation of rural culture associated with sugar production, and the prevention of certain demographic changes (the movement of unemployed sugar workers from rural areas to urban areas) that may result were unfettered interstate competition allowed.